UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOCYNTIA MARIE BANNER | : | CIVIL ACTION NO.: |
| | : | |
| VERSUS | : | JUDGE:_____ |
| | : | |
| ST. JAMES PARISH D/B/A | : | MAGISTRATE JUDGE: |
| RIVER PARISHES TOURIST, | : | _____ |
| CONVENTION AND VISITORS | : | |
| BUREAU, THE ST. JAMES PARISH | : | |
| COUNCIL, TIMOTHY P. ROUSSEL AND | : | |
| GARY BOE | : | |

**COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiff Jocyntia Marie Banne resident of the Parish of St. John the Baptist, State of Louisiana, who respectfully avers as follows:

1.

Made Defendants herein are:

A. ST. JAMES PARISH, a division of the State of Louisiana;

B. TIMOTHY P. ROUSSEL, President of St. James Parish in his official capacity;

C. THE ST. JAMES PARISH COUNCIL, a political subdivision of St. James Parish Government;

D. THE RIVER PARISH CONVENTION, TOURIST AND VISITORS DISTRICT, D/B/A/ River Parishes Tourist Commission, a division of St. James Parish and the State of Louisiana;

E. GARY BOE, executive director of the River Parish Convention, Tourist and Visitors District, D/B/A/ River Parishes Tourist Commission a division of St. James Parish and the State of Louisiana in his official capacity as director thereof.

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States, non-exclusively, Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. § 1981.

3.

This Court has Supplemental Jurisdiction over all plaintiffs' Louisiana State Law claims pursuant to 28 U.S.C. § 1367(a) in that the State Law claims are so related to the Original Jurisdiction claims under Title VII that they form part of the same case or controversy.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3) in that the events in violation of law occurred in St. James Parish and the Defendants principal place of business is in St. James Parish, State of Louisiana within the jurisdiction of the United States District Court, Eastern District of Louisiana.

5.

Plaintiff has received her right to sue letter from the Equal Employment Opportunity Commission thereby satisfying her administrative remedies according to law. (See attached Exhibit 1).

6.

Defendants are vicariously and solidarily liable for the actions of its employees, managers and supervisors for all damages alleged herein.

7.

Defendants are indebted unto plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, exemplary damages, punitive damages, attorney's fees, interest on attorney's fees, costs, with judicial interest thereon from the date

of judicial demand until paid pursuant to Louisiana State Law and the Laws of the United States of America.

8.

Plaintiff Jocyntia Marie Banner began employment with Defendant St. James Parish on or about November 1, 2012 as a full time communications manager for the River Parish Convention, Tourist and Visitors District, D/B/A/ River Parishes Tourist Commission, a division of St. James Parish in St. James Parish, State of Louisiana.

9.

Plaintiff has brown skin color and her race is black of African American descent.

10.

Plaintiff's sex is female.

11.

Plaintiff's job duties involved promoting and supporting tourism of the antebellum plantation homes along the Mississippi River that once enslaved Africans as an unpaid labor force for the enrichment of their masters in the new world.

12.

Plaintiff helped preserve and teach about this history, employing her own background and knowledge having grown up in the South and in this area.

13.

Plaintiff was directly discriminated against in that she was qualified for promotion to executive director of the River Parish Convention, Tourist and Visitors District, D/B/A/ River Parishes Tourist Commission, a division of St. James Parish and plaintiff was passed over for the promotion by a less qualified white male, made Defendant herein Gary Boe.

14.

After being discriminatorily promoted to executive director, Mr. Boe took a direct and discriminatory course of action to intentionally discriminate against Plaintiff solely because of her race and sex in violation of law.

15.

Plaintiff was discriminatorily denied promotion December 5, 2017.

16.

Plaintiff complained to management for defendants that she was being discriminated against in the denial of her promotion.  Specifically, Plaintiff told Peggy Joseph that the denial of the promotion was discriminatory, that Plaintiff was the most qualified person for the position and that there was no reason for the denial and being passed over for promotion other than Plaintiff being a black female.

17.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission on May 7, 2018.

18.

Plaintiff received her right to sue letters on May 7, 2019.

19.

In retaliation for Plaintiff's complaints and engaging in protected activity, Plaintiff was demoted and then terminated on December 22, 2019.

20.

Plaintiff's termination was in violation of 42 U.S.C. § 1981, Title VII and La. R.S. 23:967.

21.

Plaintiff's paychecks were issued by Defendant St. James Parish.

22.

Plaintiff's retirement and benefits were paid and managed by Defendant St. James Parish.

23.

The decision to terminate Plaintiff was made, upon information and belief by the board of supervisors, who comprise St. James Parish officials.

24.

Gary Boe actively scoured Plaintiff's personnel file, computer and communications in a direct effort to retaliate against Plaintiff and terminate her based upon trumped up pretextual allegations that did not rise to the level of employment action unless and until Plaintiff engaged in protected activity.

25.

Plaintiff was singled out and intentionally discriminated against by the defendants because of plaintiffs' race, sex and national origin in violation of La. R.S. 23:302 et. seq. and Title 23 § 332(A)(1) et. Seq.  Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a).

26.

The harassment by defendants' management and owners started at the time of employment Gary Boe and continue until Plaintiff's termination.

27.

Additionally, Plaintiff has suffered intentional infliction of emotional distress by defendants and their employees, owners and managers on a continuing basis throughout her employment,

constituting a continuing intentional tort.

28.

Plaintiff received no training on discrimination and harassment in the work place and to plaintiffs' knowledge, neither did management.

29.

Due the acts of the defendants outlined herein, Plaintiff suffered and continues to suffer:

    A.    Conscious pain and suffering;

    B.    Physical injury;

    C.    Great mental distress;

    D.    Humiliation;

    E.    Emotional distress;

    F.    Loss of income and employment;

    G.    Loss of employability;

    H.    Loss of benefits;

    I.    Loss of wages, past, present and future;

    J.    Loss of anticipated wages which would have resulted from promotion;

    K.    Loss of promotion;

    L.    Defamation;

    M.    Loss of employability;

    N.    Punitive Damages;

    O.    Attorneys fees;

    P.    Costs;

    Q.    Interest on damages;

R.       Interest on attorney's fees'

S.       Other losses and injuries which will be shown at trial on the merits.

30.

Plaintiff is entitled to attorney's fees pursuant to Louisiana Revised Statute Title 23 § 303(A) et. seq., La. R.S. 23 § 967, La. R.S. 23 § 632, Title VII and 42 U.S.C. 2000e-5(g)(2) along with interest on attorneys fees according to law.

31.

Plaintiff is entitled to punitive damages pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq. and 42 U.S.C. § 1981(a).

32.

The Claims of plaintiff are continuing in nature and as a result relate back to the earliest date of discrimination.

33.

Pursuant to the Seventh Amendment of the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby formally requests his right to try this case in front of a jury of his peers.

34.

The defendants are jointly liable for the claims asserted in herein and due to the intentional nature of the allegations, the plaintiffs are in solido liable for the damages sustained by Plaintiff.

WHEREFORE, Plaintiff JOCYNTIA BANNER prays that Defendants St. James Parish, a division of the State of Louisiana Timothy P. Roussel, President of St. James Parish, The St. James Parish Council, a political subdivision of St. James Parish Government, the River Parish Convention, Tourist and Visitors District, D/b/a/ River Parishes Tourist Commission, a division of

St. James Parish, Gary Boe, executive director of the River Parish Convention, Tourist and Visitors District, D/B/A/ River Parishes Tourist Commission a division of St. James Parish be cited and summoned with a copy of this complaint and cited to appear and answer same within the delays provided by law and that after the expiration of all legal delays and after due proceedings are held that there be judgment rendered in favor of Plaintiff and against Defendants in solido for such damages as are reasonable in the premises, including but not limited to General damages, Special damages, statutory damages, punitive damages, attorney's fees and costs together with legal interest thereon from the date of judicial demand, interest on attorney's fees until paid and any other relief justice and equity demand.

    Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel: (225) 647-9200
Fax: (225) 647-9300