UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOCYNTIA MARIE BANNER | * | CIVIL ACTION NO.:  2:19-cv-10653 |
| | * | |
| VERSUS | * | SECTION:      G |
| | * | |
| | * | |
| ST. JAMES PARISH D/B/A RIVER | * | JUDGE NANNETTE JOLIVETTE BROWN |
| PARISHES TOURIST, CONVENTION | * | |
| AND VISITORS BUREAU, THE ST. | * | MAGISTRATE JUDGE: DIV. õlö |
| JAMES PARISH COUNCIL, TIMOTHY P. | * | JANIS VAN MEERVELD |
| ROUSSEL AND GARY BOE | * | |
| | * | |

**MEMRANDUM IN SUPPORT OF FED. R. CIV. P. 12(B)(6)
PARTIAL MOTION TO DISMISS**

NOW COMES the Defendant, GARY BOE, who respectfully submits the following Memorandum In Support of his Partial Motion To Dismiss Plaintiff's, JOCYNITA MARIE BANNER, Complaint in the above matter as to Defendant: Gary Boe.

**MAY IT PLEASE THE COURT**

**I.      Summary Of The Complaint:**

The Plaintiff's Complaint in this matter names various defendants.  Plaintiff alleges that she suffered discrimination and retaliation while employed by the River Parishes Tourist, Convention, and

Visitors Bureau (the "Commission").[1] The Commission is established by law as a political subdivision of the State of Louisiana.[2] Plaintiff alleges violations of "Title VII of the civil rights act of 1964, 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981(a)" and La. R.S. 23:302 et. seq. and 23:332 A(1) et. seq.[3] Plaintiff names mover herein, Gary Boe, as "executive director of the River Parish Convention, Tourist and Visitors District, D/B/A River Parishes Tourist Commission a division of St. James Parish and the State of Louisiana in his official capacity as director thereof".[4] Plaintiff alleges that she was discriminated against and passed over for a promotion in employment as executive director of the Commission in favor of Defendant, Gary Boe.[5] Plaintiff goes on to allege that Boe; then, began to discriminate and retaliate against her solely because of Plaintiff's race and sex and for engaging in protected activity.[6]

---

[1] Plaintiff's Complaint ¶13-20

[2] *LSA-R.S. 33:4574.12*

[3] Plaintiff's Complaint ¶25

[4] Plaintiff's Complaint ¶ 1 E.

[5] Complaint at ¶ 13

[6] Complaint at ¶ 14 and 24

2

### 2. **Applicable Standard Of Review:**

When considering a Rule 12(b)(6) Motion to Dismiss , the court will accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F. 3d 305, 313 (5th Cir. 2002). It is equally well settled that factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. **Title VII Claims As To Employees/Officials As Defendants:**

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

It is clear on the face of Plaintiff's complaint, as she specifically alleges, that Plaintiff brings her alleged claims against Defendant, Gary Boe, in his official capacity as director of the Commission. It has not been disputed that Gary Boe is the executive director of the Commission and is; thus, an employee of same. This jurisdiction has consistently held that there is no individual liability for employees under Title VII.[7] The Court's have further held that any definition of, or reference to, any employee as an "agent" of an employer was Congress merely importing respondeat superior liability

---

[7] See *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)

into Title VII.[8] This Court has held that:

> "Thus, an employee or supervisor faces Title VII liability solely in his official capacity. Because an official-capacity suit against a supervisor or other individual is actually a suit against the employing corporation, a plaintiff may not maintain a Title VII action against both an employer and its agent in an official capacity."[9]

This Court went on to find:

> "Therefore, as long as the corporate employer is named as a defendant, individual employees cannot be liable to a plaintiff in either their personal or official capacities."[10]

In *Mays*, this Court recognized that the Port of New Orleans was a political subdivision of the State of Louisiana and refused to maintain an action against both Bylsma, in his personal capacity as an official of the Port of New Orleans and the Plaintiff's supervisor, and the Port in its capacity as Bylsma's employer. The Court stated:

> "Moreover, since Plaintiff is suing the Port for discrimination under both Title VII and the ADA, she cannot also maintain an action against Bylsma in his official capacity. The Court therefore dismisses Plaintiff's Title VII and ADA claims against Bylsma in both his individual and official capacities."[11]

---

[8] See *Smith*, 298 F.3d at 448 (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 262 (5th Cir. 1999)

[9] *Mays v. Board of Commissioners Port of New Orleans, et al*, 2:14-cv-01014-NJB-DEK citing *Smith* and *Indest*

[10] *Mays*, page 11, & 2.

[11] Mays page 12, & 1

4

### IV.     Allegations Of Violation Of Louisiana State Statutes:

On the face of her petition, Plaintiff alleges that the Defendants violated Louisiana state statutes: *23:302 et seq.* [12] *23:301*, as the Definitions and precursor to *23:302* of the Louisiana Revised Statutes, specifically and unambiguously defines an employer in pertinent part as:

> "(2) 'Employer' means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this chapter shall apply to an employer who employs 20 or more employees within this state for each working day in each 20 or more calendar weeks in the current or preceding calendar year....."

Nowhere on the face of Plaintiff's complaint does she allege that Defendant, Gary Boe, either employed, or paid, her directly and as his personal employee outside of her employment with the Commission.

In *Mays* supra, this Court addressed the very issue of employment discrimination liability under *La. Rev. Stat. §23:301*. The Court stated:

> "To the extent that Plaintiff seeks to bring a claim against Bylsma [officer/employee] under Louisiana's current employment discrimination statute, *La. Rev. Stat. §23:301*, the Court finds that such a claim must be dismissed.

---

[12] Plaintiff's complaint & 25

This Court, in *Mays*, then went on to note the above definition of "employer" as cited by Mover above. Finally, as in the present case, the *Mays* Court noted that the Plaintiff had not alleged that the Port of New Orleans officer/employee, Bylsma, paid any wages to Plaintiff or that Bylsma has employees of any number. In fact, the Court noted that Plaintiff had solely alleged that Bylsma is or was a supervisor employed by the Port. This Court then found:

> "He therefore does not fit the definition of "employer" set forth under either statute, and therefore Plaintiff's claims against him pursuant to the Louisiana employment discrimination statutes must be dismissed."[13]

## V. Conclusion:

The face of Plaintiff's Complaint clearly and unambiguously alleges Defendant, Gary Boe, to have acted in his capacity as executive director of the River Parish Convention, Tourist and Visitors District. Plaintiff alleges claims of discrimination and retaliation under Title VII and a Louisiana State Statute. The law is replete that Plaintiff may not maintain such claims personally against employees or officials of the employer for such claims.

Accordingly, Defendant, Gary Boe, respectfully moves this Court to grant his above and

---

[13] Mayes at page 13, & 1

6

foregoing Partial Motion To Dismiss him from the current litigation in both his individual and official capacities herein Pursuant To Fed.R. Civ. P. 12(b)(6).

RESPECTFULLY SUBMITTED:
ACCARDO LAW FIRM, L.L.C.
325 Belle Terre Blvd., Suite A
LaPlace, Louisiana   70068
(985) 359-4300    (985) 359-4303 fax

*/s/ SAMUEL J. ACCARDO, JR.*
SAMUEL J. ACCARDO, JR. (#24007)
Attorneys for Gary Boe
accardo@rtconline.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 30th day of AUGUST, 2019, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system or by facsimile transmission, hand delivery, Certified Mail Return Receipt Requested, UPS/Federal Express, Electronic Mail, and/or by U.S. Mail, First Class, postage prepaid, properly addressed.

*/s/ SAMUEL J. ACCARDO, JR.*
SAMUEL J. ACCARDO, JR.