UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOCYNTIA MARIE BANNER**<br>   *Plaintiff*<br><br>v.<br><br>**ST. JAMES PARISH, ST. JAMES PARISH COUNCIL, GARY BOE, TIMOTHY P. ROUSSEL**<br>   *Defendants* | * CIVIL ACTION NO.: 2:19-cv-10653<br>*<br>*<br>* JUDGE:  NANNETTE JOIVETTE BROWN<br>*<br>*<br>* MAGISTRATE:  J. VAN MEER VELD<br>*<br>* |

## ANSWER

**NOW INTO COURT,** through undersigned counsel, come defendants, the Parish of St. James, the St. James Parish Council, and Timothy Roussel (collectively sometimes referred to as the "St. James Parish Defendants"), who in answer to the allegations of Plaintiff's, Jocyntia Banner's, Complaint, respectfully aver as follows:

## ANSWER

**AND NOW**, the St. James Parish Defendants respectfully respond to the individual paragraphs of Plaintiff's Complaint as follows:

I.

The allegations of Paragraph 1 A of the Complaint are denied as written, the Parish of St. James is a political subdivision of the State of Louisiana.

II.

The allegations of Paragraph 1 B of the Complaint are denied except to admit that Timothy Roussel is a person of the full age of majority, is a resident of St. James Parish, and currently holds the office of President of St. James Parish.

1

III.

The allegations of Paragraph 1 C of the Complaint are denied except to admit that the St. James Parish Council is made up of elected members and is the legislative arm of St. James Parish.

IV.

The allegations of Paragraph 1 D and 1 E are denied.  The River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission is not a "division of St. James Parish".  For further answer, the River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission is a separate political subdivision of the State of Louisiana pursuant to La. R. S. 33:4574.12.  All other allegations of Paragraph 1 D and 1 E are denied for lack of information sufficient to justify a belief therein.

V.

The allegations of Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent Paragraph 2 contains any averments of fact, those allegations are denied for lack of information sufficient to justify a belief therein.

VI.

The allegations of Paragraph 3 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 3 contains any averments of fact, those allegations are denied for lack of information sufficient to justify a belief therein.

VII.

The allegations of Paragraph 4 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 4 contains any averments of fact, those

allegations are denied for lack of information sufficient to justify a belief therein, except to admit that St. James Parish is a political subdivision of the State of Louisiana.

VIII.

The allegations of Paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 5 contains any averments of fact, those allegations are denied for lack of information sufficient to justify a belief therein. For further answer, the St. James Parish Defendants assert that Exhibit 1 to Plaintiff's Complaint is a written document and is the best evidence of its content. The St. James Parish Defendants further aver that any allegation of law and/or fact which is deemed to modify, alter, extend, or otherwise vary the contents, terms, provisions, or conditions of said documents is expressly denied.

IX.

The allegations of Paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 6 contains any averments of fact, those allegations are denied.

X.

The allegations of Paragraph 7 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 7 contains any averments of fact, those allegations are denied.

XI.

The allegations of Paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 8 contains any averments of fact, those allegations are denied. For further answer, the River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission is not a "division of St. James Parish" and is a

separate political subdivision of the State of Louisiana pursuant to La. R. S. 33:4574.12, as stated in Record Doc. 10, filed by Gary Boe, the executive director of the River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission. Therefore, it is denied that Plaintiff was employed by St. James Parish.

XII.

The allegations of Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief therein.

XIII.

The allegations of Paragraph 10 of the Complaint are denied for lack of information sufficient to justify a belief therein.

XIV.

The allegations of Paragraph 11 of the Complaint are denied for lack of information sufficient to justify a belief therein.

XV.

The allegations of Paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein.

XVI.

The allegations of Paragraph 13 of the Complaint contain legal conclusions to which no response is required.  For further answer, the River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission is not a "division of St. James Parish" and is a separate political subdivision of the State of Louisiana pursuant to La. R. S. 33:4574.12. Therefore, it is denied that Plaintiff was employed by St. James Parish.  To the extent that

Paragraph 8 contains any averments of fact relating to Plaintiff's employment, those allegations are denied for lack of information sufficient to justify a belief therein.

XVII.

The allegations of Paragraph 14 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 14 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XVIII.

The allegations of Paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 15 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XIX.

The allegations of Paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 16 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XX.

The allegations of Paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 17 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXI.

The allegations of Paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 18 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXII.

The allegations of Paragraph 19 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 19 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXIII.

The allegations of Paragraph 20 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 20 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XIV.

The allegations of Paragraph 21 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 21 contains any averments of fact those allegations are denied as written.

XV.

The allegations of Paragraph 22 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 22 contains any averments of fact those allegations are denied as written.

XXVI.

The allegations of Paragraph 23 of the Complaint contain legal conclusions to which no response is required.  To the extent that Paragraph 23 contains any averments of fact those allegations are denied. Further, there is no "board of supervisors" for the Parish of St. James.

XXVII.

The allegations of Paragraph 24 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 24 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXVIII.

The allegations of Paragraph 25 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 25 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXIX.

The allegations of Paragraph 26 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 26 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein. For further answer, neither Gary Boe nor Plaintiff are employed by the Parish of St. James.

XXX.

The allegations of Paragraph 27 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 27 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXXI.

The allegations of Paragraph 28 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 28 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

XXXII.

The allegations of Paragraph 29 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 29 contains any averments of fact those allegations are denied.

XXXIII.

The allegations of Paragraph 30 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 30 contains any averments of fact those allegations are denied.

XXXIV.

The allegations of Paragraph 31 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 31 contains any averments of fact those allegations are denied.

XXXV.

The allegations of Paragraph 32 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 32 contains any averments of fact those allegations are denied.

XXXVI.

The allegations of Paragraph 33 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 33 contains any averments of fact those allegations are denied as Louisiana law precludes bringing suit against a political subdivision of the state in any court other than a Louisiana state court, and precludes trial by jury against a political subdivision of the state.

XXXVII.

The allegations of Paragraph 34 of the Complaint contain legal conclusions to which no response is required. To the extent that Paragraph 34 contains any averments of fact those allegations are denied for lack of information sufficient to justify a belief therein.

**AFFIRMATIVE DEFENSES**

**AND NOW IN FURTHER ANSWER**, the St. James Parish Defendants hereby raise the following affirmative defenses to Plaintiff's Complaint:

**FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted and Plaintiff has no cause of action or right of action against the St. James Parish Defendants for the remedies sought.

**SECOND DEFENSE**

Plaintiff alleges damages that were caused in whole or in part by the fault or negligence of other third parties for whom the St. James Parish Defendants are not legally responsible. The River Parish Convention, Tourist and Visitors District, d/b/a Rivers Parishes Tourist Commission is a separate political subdivision from St. James Parish. The St. James Parish Defendants are not responsible for any actions made by the River Parish Convention, Tourist and Visitors District, d/b/a Rivers Parishes Tourist Commission or anyone employed by or performing work for the River Parish Convention, Tourist and Visitors District, d/b/a Rivers Parishes Tourist Commission.

**THIRD DEFENSE**

Plaintiff's alleged damages, if any, were caused or occasioned in whole or in part by the fault of Plaintiff's own actions, misconduct, breach of duties, neglect, inattention, and any recovery by the Plaintiff should be reduced in accordance with the doctrine of comparative fault.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, may have been caused or occasioned by intervening and/or superseding causes for which the St. James Parish Defendants are not legally responsible.

### FIFTH DEFENSE

Plaintiff's alleged damages, if any, were not proximately caused by the St. James Parish Defendants.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate, minimize, or avoid damages or loses.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff has already been compensated for the alleged damages or loss.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of prescription, peremption, preemption, waiver, consent, unclean hands, and/or laches.

### NINTH DEFENSE

Plaintiff has failed to exhaust administrative and/or judicial remedies available under local and state law and thus the takings, substantive due process, and procedural due process claims are all premature and not ripe for adjudication before this Court.

### TENTH DEFENSE

The Parish of St. James is a political subdivision of the State of Louisiana and thus Plaintiff's claims may be barred in whole or in part by sovereign immunity.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims have been improperly joined.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims have been brought against the St. James Parish Defendants in an improper capacity.

## THIRTEENTH DEFENSE

Plaintiff has failed to state a claim for which relief can be granted against the personally named defendant, Timmy P. Roussel.

## FOURTEENTH DEFENSE

Plaintiff's claims against the Parish and against Parish officials acting in their official capacity are duplicitous.

## FIFTEENTH DEFENSE

Plaintiff has no federal claims against the individually named defendant, Timothy P. Roussel, and thus this Court lacks subject matter jurisdiction over that defendant.

## SIXTEENTH DEFENSE

Plaintiff's state law claims have been vaguely and/or improperly pled and should not be accepted pursuant to ancillary or supplemental jurisdiction.

## SEVENTEENTH DEFENSE

Plaintiff's state law claims should be subject to the same restrictions placed on such claims under Louisiana law.

## EIGHTEENTH DEFENSE

Louisiana law precludes bringing suit against a political subdivision of the state in any court other than a Louisiana state court, and precludes trial by jury against a political subdivision of the state. *See* La. R.S. § 13:5106; La. R.S. § 13:5105.

## NINETEENTH DEFENSE

Plaintiff's claims are barred or limited in whole or in part by the protection of governmental immunity or a legislatively created limitation of liability afforded to the St. James Parish Defendants, including, but not limited to, those immunities or limitations of liability contained in the Louisiana Governmental Claims Act, La. R.S. § 13:5101, *et seq.,* the Louisiana Discretionary Function Act, La. R.S. § 9:2798.1, and/or La. R.S. § 2792.4.

## TWENTIETH DEFENSE

The personally named defendant, Timothy P. Roussel, is entitled to immunity from suit, not just liability.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred or limited in whole or in part by legislative privileges and immunities granted by virtue of both the United States Constitution and Louisiana Constitution, and by the legislative privileges and immunities recognized by common law and prior jurisprudence, including absolute immunity for legislative functions.

## TWENTY-SECONDTH DEFENSE

Plaintiff's claims, if any, have been satisfied by the doctrine of accord and satisfaction.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred or limited in whole or in part by the doctrine of qualified immunity for discretionary acts of government officials.

## TWENTY-FOURTH DEFENSE

The St. James Parish Defendants affirmatively plead that they did not employ Plaintiff and did not participate in any decision to terminate Plaintiff's employment with The River Parish Convention, Tourist, and Visitors District d/b/a River Parishes Tourist Commission

## TWENTY-FIFTH DEFENSE

The St. James Parish Defendants affirmatively plead that if the St. James Parish Defendants, including Timothy P. Roussel, made any decision to terminate Plaintiff's employment, which is denied, it was an exercise of their discretionary duties as public officials, and such decision was made in good faith, such that the St. James Parish Defendants, including Roussel, are entitled to qualified immunity from this suit.

## TWENTY-SIXTH DEFENSE

The St. James Parish Defendants affirmatively plead that the termination of Plaintiff's employment was not a violation of Plaintiff's statutory or constitutional rights, and thus they are entitled to qualified immunity from this suit.

## TWENTY-SEVENTH DEFENSE

The St. James Parish Defendants affirmatively plead that there was no violation of law – state or federal – and, accordingly, Plaintiff has no valid cause of action against the St. James Parish Defendants.

**TWENTY-EIGHTH DEFENSE**

The St. James Parish Defendants affirmatively plead the defense of qualified or "good faith" immunity in that to the extent that any liability is assessed against the St. James Parish Defendants, they were government officials performing discretionary functions and they did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

**TWENTY-NINTH DEFENSE**

The St. James Parish Defendants are protected by a qualified immunity from suit and from any judgment for damages for violation of Plaintiff's rights because, among other things, they at all times acted reasonably and under circumstances such that a reasonable person or entity in like circumstances would not have understood that the conduct alleged to have been illegal was in fact so.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred or limited in whole or in part by the doctrine of absolute or qualified immunity for discretionary acts of government officials.

**THIRTY-FIRST DEFENSE**

The St. James Parish Defendants are entitled to an award for attorney's fees and costs to the extent some or all of Plaintiff's claims are found to be frivolous, unreasonable, or without foundation. *See Fox v. Vice*, 131 S. Ct. 2205 (2011).

**THIRTY-SECOND DEFENSE**

Counsel for Plaintiff may be liable for excess costs, expenses, and attorneys' fees reasonably incurred to defend this action to the extent these proceedings are unreasonable and vexatious. *See* 28 U.S.C.A. § 1927.

### THIRTY-THIRD DEFENSE

The St. James Parish Defendants have at all times acted reasonably to further legitimate government interest.

### THIRTY-FOURTH DEFENSE

Plaintiff has no constitutionally protected rights that have been affected by the alleged actions of the St. James Parish Defendants.

### THIRTY-FIFTH DEFENSE

The St. James Parish Defendants give notice that they intend to rely on any and all defenses that may be available to it under the applicable law, and reserve the right to specifically identify those defenses at the time when they become obvious and available to it; and, further the St. James Parish Defendants reserve their rights to amend and/or supplement the foregoing answer, including rights to assert further affirmative defenses not included in this pleading.

**WHEREFORE,** Defendants, the Parish of St. James, the St. James Council, and Timothy Roussel pray that this Answer be deemed good and sufficient and, after due proceedings are had, there be Judgment in favor of Defendants, dismissing Plaintiff's claims and suit at Plaintiff's cost, and for all such general and equitable relief as the nature of the case may permit.

Respectfully submitted,

*/s/ Tara E. Clement*
TARA E. CLEMENT (Bar No. 27406)
MORGAN A. DRUHAN (Bar No. 37102)
**GIEGER, LABORDE & LAPEROUSE, L.L.C.**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: tclement@glllaw.com
mdruhan@glllaw.com
*Counsel for Defendants the Parish of St. James, the St. James Parish Council, and Timothy Roussel*

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of September, 2019, a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic filing system.

*/s/ Tara E. Clement*