UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOCYNTIA MARIE BANNER | * | CIVIL ACTION NO.: 2:19-cv-10653 |
| | * | |
| VERSUS | * | SECTION:   G |
| | * | |
| | * | |
| ST. JAMES PARISH D/B/A RIVER PARISHES TOURIST, CONVENTION AND VISITORS BUREAU, THE ST. JAMES PARISH COUNCIL, TIMOTHY P. ROUSSEL AND GARY BOE | * * * * * * | JUDGE NANNETTE JOLIVETTE BROWN MAGISTRATE JUDGE: DIV. "1" JANIS VAN MEERVELD |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, come Gary Boe and the River Parishes Tourist, Convention and Visitor's Commission, improperly named by Plaintiff in the caption of her original complaint as "St. James Parish D/B/A River Parishes Tourist, Convention and Visitor's Bureau", made Defendants in the above matter (referred to as "Boe" And "Commission" respectively herein) who, subject to the outstanding 12(B)6 Partial Motion To Dismiss submitted and pending in this matter, respectfully answer the allegations of Plaintiff's, Jocyntia Banner, Complaint as follows:

## ANSWER

1.

Paragraph 1 of the Complaint is denied as written as to the allegations of D and E. The Commission is a separate political subdivision of the State of Louisiana created by statute: *La. R.S. 33:4574.12*. The Commission is not a division of St. James Parish, Louisiana. Paragraphs A, B, and C of the complaint do not require a response on behalf of Boe or the Commission, but said allegations are denied out of an abundance of caution.

2.

Paragraph 2 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 2 of the Complaint are denied.

3.

Paragraph 3 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 3 of the Complaint are denied.

4.

It is admitted that St. James Parish is a Political Subdivision of the State of Louisiana. The

remainder of Paragraph 4 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 4 of the Complaint are denied.

5.

Paragraph 5 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 5 of the Complaint are denied. Defendants, Boe and the Commission, further answer that Exhibit 1 to Plaintiff's Complaint is a written document which is its own best evidence of the terms, conditions, content, and exclusions therein. Any allegation of Plaintiff which seeks to characterize or modify the written content of said document is denied.

6.

Paragraph 6 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 6 of the Complaint are denied.

7.

Paragraph 7 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 7 of the Complaint are denied.

8.

The allegations of Paragraph 8 of the Complaint are denied as written. Defendants further answer that the Commission is not a division of St. James Parish, Louisiana. Defendants further answer that the Commission is a separate political subdivision of the State of Louisiana created pursuant to *La. R.S. 33:4574.12*.

9.

The allegations of Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Complaint are denied as written. Defendants further answer that Plaintiff¢s, Banner, job duties were to promote the entire river parishes region and to support the hospitality and tourism industry, including the antebellum homes. Defendants further answer that Plaintiff was the Communications Director and Film Coordinator for the Commission and

was charged with the job duties of promoting all aspects of the region (which included antebellum homes); but Plaintiff's job duties were not strictly limited to promotion of antebellum homes.

12.

The allegations of Paragraph 12 of the Complaint are denied. Defendants further answer that Plaintiff's role, job duties, and work product did not include preserving or teaching about the history of the region.

13.

The allegations of Paragraph 13 of Plaintiff's Complaint are denied. Defendants further answer that the position of Executive Director is an appointed position of the River Parish Tourist Commission. Defendants further answer that the hiring, firing, and/or discharge to, or from, said position is controlled, and decisions made, solely by the members of the board of the Commission. Defendants further answer that the commission establishes a search committee to review resumes; and then makes recommendations to the board. The Defendants further answer that the Commission did interview the applicants for Executive Director and voted on same on December 5, 2017. Defendants further answer that the Commission is not civil service based and that the position for Executive Director was an open call for applications.

14.

Defendants deny the allegations of Paragraph 14 of Plaintiff's complaint. Defendants further answer that, contrary to Plaintiff's allegations, the Commission, supported by Boe, actually created the position of Deputy Director of Operations, a new position funded by the Commission's 2018-2019 budget, which was intended for Plaintiff, Banner, in order to create a progression plan for her and higher salary adjustment. Defendants further answer that the above budget was approved in June 2018 and went into effect July 2018. Defendants further answer; however, that Plaintiff, Banner, resisted and refused to cooperate with any projects of the Commission and that Banner's failure and refusal in her job duties resulted in delay in the above job position change for Banner.

15.

Defendants deny the allegations of Paragraph 15 of Plaintiff's complaint. Defendants further answer that Banner was not denied promotion. Defendants further answer that Banner did not receive the required votes by the Commission board at the December 5, 2017 meeting to be selected for the position.

16.

Defendants deny the allegations of Paragraph 16 of Plaintiff's complaint. Defendants further

answer that the actual demographics of the Commission show that, for the years 2017, 2018, and 2019, the Commission was comprised of more minority persons than persons of majority. Defendants further answer that, for the years 2016 through 2019, the actual staff of the Commission, of which Banner was part, was comprised of more minority persons than persons of majority.

17.

Paragraph 17 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 17 of the Complaint are denied.

18.

Paragraph 18 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 18 of the Complaint are denied.

19.

Paragraph 19 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 19 of the Complaint are denied. Defendants further answer that Plaintiff was deficient in her obligations and job duties to the Commission. Defendants further answer that Plaintiff would, repeatedly in person and in writing, state that she was unable to perform and complete her communications job duties because the St.

John Civic Center required too much of her time as Banner was the main contact in the Commission for the building and film industry. Defendants further answer that, in early December of 2017, the Commission was no longer involved in the film industry and Banner no longer could claim that those job duties required the majority of her time, yet she remained deficient and defiant in her job duties.

20.

Paragraph 20 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 20 of the Complaint are denied.

21.

Paragraph 21 of Plaintiff's Complaint is denied as written.

22.

Paragraph 22 of Plaintiff's Complaint is denied as written.

23.

Paragraph 23 of Plaintiff's Complaint is denied as written.

24.

Paragraph 24 of Plaintiff's Complaint is denied. Defendants further answer that Plaintiff's termination file is well and properly documented and will be provided as evidence in these

proceedings. Defendants further answer that Plaintiff's termination was due solely and exclusively to Plaintiff's own fault, her failure and refusal to accept and complete her job assignments, her failure and refusal to properly and adequately perform her job duties; and her failure and refusal to perform her job obligations and task.

25.

Paragraph 25 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 25 of the Complaint are denied.

Defendants further answer that Plaintiff was not discriminated against or singled out in any manner whatsoever by any Defendant herein. Defendants further answer that both Plaintiff's position as Communications Director, and another position of Sales and Business Development Director, were managed in the same manner by using email communications which would issue direction and instruction by providing weekly and monthly task list. Defendants further answer that Plaintiff's termination was due solely and exclusively to Plaintiff's own fault, failure, and refusal to accept and complete her job assignments; her failure to properly and adequately perform her job duties; and her failure and refusal to perform her job obligations and task.

26.

Paragraph 26 of Plaintiff's Complaint is denied. Defendants further answers that Plaintiff's termination was due solely and exclusively to Plaintiff's own fault, her failure to and refusal to accept and complete her job assignments; her failure to properly and adequately perform her job duties; and her failure and refusal to perform her job obligations and task.

27.

Paragraph 27 of Plaintiff's Complaint is denied.

28.

Paragraph 28 of Plaintiff's Complaint is denied as written.

29.

Paragraph 29 of Plaintiff's Complaint is denied. Defendants further answer that any and all said claims for injuries and damages of Plaintiff, which are denied herein, were due solely and exclusively to Plaintiff's own fault, negligence, incompetence, willful refusal to perform her job duties, and her intentional actions and inactions.

30.

Paragraph 30 of Plaintiff's Complaint states a conclusion of law requiring no response.

However, to any other extent, the allegations of Paragraph 30 of the Complaint are denied.

31.

Paragraph 31 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 31 of the Complaint are denied.

32.

Paragraph 32 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 32 of the Complaint are denied.

33.

Paragraph 33 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 33 of the Complaint are denied. Defendants further answer that Plaintiff is not entitled to a trial by jury in the State of Louisiana against a political subdivision of the state. Defendants further answer that the Commission is a political subdivision of the State of Louisiana created by statute.

34.

Paragraph 34 of Plaintiff's Complaint states a conclusion of law requiring no response. However, to any other extent, the allegations of Paragraph 34 of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING THE COMPLAINT OF PLAINTIFF**, Boe and the Commission hereby plead the following affirmative defenses to Plaintiff's Complaint:

35.

Plaintiff has failed to state a claim or cause of action against Boe or the Commission upon which the relief Plaintiff seeks can be granted. Plaintiff further has no right of action against Boe or the Commission for the relief and remedies sought by Plaintiff in her complaint.

36.

Plaintiff's alleged damages, which are denied, were caused by the Plaintiff's sole fault, actions, inactions, misconduct, failure to perform her job assignments and duties, and negligence, thereby barring Plaintiff from any recovery herein. Alternatively, any said alleged damages of Plaintiff herein, which are hereby denied, are due to the comparative fault of Plaintiff and should be reduced accordingly.

37.

The alleged injuries and damages of Plaintiff, which are hereby denied, were due to the fault of

other third persons or parties for whom these Defendants, Boe and the Commission, are neither liable nor responsible.

38.

Plaintiff' has failed to mitigate her damages, which are denied herein, which acts to bar recovery or to minimize her alleged damages herein.

39.

The Commission is a political subdivision of the State of Louisiana and is entitled to sovereign immunity herein; thereby potentially barring Plaintiff's claims in whole or in part.

40.

Defendants plead the affirmative defenses and doctrines of prescription, waiver, unclean hands, peremption, preemption, consent, and laches.

41.

Defendant, Boe, further answers as an affirmative defense that he has no personal liability to Plaintiff as Boe was acting in his official capacity as Executive Director of the Commission and that Boe took no personal actions whatsoever against Plaintiff which meet any definition of, or which may

be construed as or deemed, discriminatory or harassing. Accordingly, Plaintiff has no cause of action against Boe personally for her alleged claims and damages.

42.

Defendant, Boe, further answers in his defense that Plaintiff has no federal claims against the individually named defendant, Gary Boe. Accordingly, this Court lacks subject matter jurisdiction over the defendant Gary Boe and he has immunity from both liability and the instant suit herein.

43.

Defendants further answer that Plaintiff's state law claims should be subject to the same restrictions placed on like claims under Louisiana Law.

44.

Defendants further answer that Louisiana law precludes the bringing of suit against a political subdivision of the state in any court other than a Louisiana state court, and precludes trial by jury against a political subdivision of the state. *La. R.S. 13:5105* and *La. R.S. 13:5106*.

45.

Defendants further answer and plead any and all limitations on liability created by the Louisiana Governmental Claims Act, *La. R.S. 13:5101 et seq*.

46.

Defendants answer that Plaintiff was not terminated from her employment with the Commission for any pretext or discriminatory reason nor was Plaintiff harassed in any manner whatsoever by either Defendants Boe or the Commission. Neither Boe nor the Commission committed any act, or inaction, whatsoever which may be deemed or considered a violation of state or federal law. Accordingly, Plaintiff has no valid cause of action for damages, or any other like claims, against Boe or the Commission.

47.

To the extent that this Court may find and deem Plaintiff's claims to be in bad faith, unfounded, and frivolous, Defendants are entitled to attorney's fees and cost to be assessed against Plaintiff.

48.

Defendants further answer that Plaintiff has no constitutionally protected rights that have been violated nor affected by any actions or inactions of Defendants Boe or the Commission.

49.

Defendants, Boe and the Commission, further answer that they will rely and utilize any and all defenses available to them under applicable law and hereby reserve any and all rights to amend their

answer and defenses herein to specifically plead said defenses if and when said defenses may be discovered through the course of discovery and this litigation.

WHEREFORE, Defendants, Gary Boe and the River Parishes Tourist, Convention and Visitor's Commission, pray that this Answer be deemed good and sufficient and, after due proceedings are had, there be Judgment in favor of Defendants, dismissing Plaintiff's claims and suit at Plaintiff's cost, and for all such general and equitable relief as the nature of the case may permit.

RESPECTFULLY SUBMITTED:

ACCARDO LAW FIRM, L.L.C.
325 Belle Terre Blvd., Suite A
LaPlace, Louisiana   70068
(985) 359-4300
(985) 359-4303 fax

*/s/ SAMUEL J. ACCARDO, JR.*
SAMUEL J. ACCARDO, JR. (#24007)
Attorneys for GARY BOE
accardo@rtconline.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOCYNTIA MARIE BANNER | * | CIVIL ACTION NO.: 2:19-cv-10653 |
| | * | |
| VERSUS | * | SECTION:   G |
| | * | |
| | * | |
| ST. JAMES PARISH D/B/A RIVER PARISHES TOURIST, CONVENTION AND VISITORS BUREAU, THE ST. JAMES PARISH COUNCIL, TIMOTHY P. ROUSSEL AND GARY BOE | * * * * * * | JUDGE NANNETTE JOLIVETTE BROWN MAGISTRATE JUDGE: DIV. õ1ö JANIS VAN MEERVELD |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 16th day of October, 2019, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all known counsel of record by operation of the courtøs electronic filing system or by facsimile transmission, hand delivery, Certified Mail Return Receipt Requested, UPS/Federal Express, Electronic Mail, and/or by U.S. Mail, First Class, postage prepaid, properly addressed.

*/s/ SAMUEL J. ACCARDO, JR.*
SAMUEL J. ACCARDO, JR.