UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOCYNTIA MARIE BANNER | * | CIVIL ACTION NO.: 2:19-cv-10653 |
| | * | |
| VERSUS | * | SECTION:   G |
| | * | |
| | * | |
| ST.  JAMES  PARISH  D/B/A  RIVER | * | JUDGE NANNETTE JOLIVETTE BROWN |
| PARISHES  TOURIST,  CONVENTION | * | |
| AND  VISITORS  BUREAU,  THE  ST. | * | MAGISTRATE JUDGE: DIV. õ1ö |
| JAMES PARISH COUNCIL, TIMOTHY P. | * | JANIS VAN MEERVELD |
| ROUSSEL AND GARY BOE | * | |
| | * | |

### EXHIBIT LIST BY DEFENDANTS, ST. JAMES PARISH, ST. JAMES PARISH COUNCIL, AND TIMOTHY ROUSSEL

**NOW INTO COURT**, through undersigned counsel, come defendants, Gary Boe and the River Parishes Tourist, Convention and Visitorøs Commission, improperly named by Plaintiff in the caption of her original complaint as õSt. James Parish D/B/A River Parishes Tourist, Convention and Visitorøs Bureauö, Defendants and in accordance with the Courtøs October 30, 2019 Scheduling Order, respectfully submit the following list of witnesses and exhibits that they may call at trial and introduce into evidence at trial:

**WITNESSES:**

1. Gary P. Boe, Jr., Defendant
   Executive Director of the River Parishes Tourist Commission
   671 Belle Terre Boulevard
   LaPlace, Louisiana 70068
   The witness may testify regarding facts and allegations contained in Complaint.

2. Jocyntia Marie Banner, Plaintiff, cross examination
   157 Alexis Ct.
   Vacherie, Louisiana 70090
   The witness may testify regarding facts and allegations contained in Complaint.

3. Representative(s) or Member(s) of the River Parishes Tourist Commission, including but not limited to the following, Peggy Joseph; Elizabeth Jenkins; Paul Aucoin; Michelle Jenkins; Angie Matherne; Delores Florent; Garret Monti; Nicole Veillon; or Louis, Kliebert, Defendant
   671 Belle Terre Boulevard
   LaPlace, Louisiana 70068
   The witness may testify regarding facts and allegations contained in Complaint.

4. Any and all supervisor(s) of Plaintiff, Jocyntia Marie Banner, while employed by the River Parishes Tourist Commission
   671 Belle Terre Boulevard
   LaPlace, Louisiana 70068
   The witness may testify regarding facts and allegations contained in Complaint.

5. Timothy Roussel, Defendant
   Former President of St. James Parish
   5800 Highway 44
   Convent, Louisiana 70723
   The witness may testify regarding facts and allegations contained in Complaint.

6. A Representative(s) of St. James Parish, including the Parish Council, Defendant
   5800 Highway 44
   Convent, Louisiana 70723
   The witness may testify regarding facts and allegations contained in Complaint.

7. Jenn Davis
   Personnel Manager, St. James Parish
   5800 Highway 44
   Convent, Louisiana 70723
   The witness may testify regarding facts and allegations contained in Complaint.

8. Wilma Harvey
   Tourism Sales Director for the River Parishes Tourist Commission
   671 Belle Terre Boulevard
   LaPlace, Louisiana 70068
   The witness may testify regarding facts and allegations contained in Complaint.

9. Rena Jackson
   Office Manager for the River Parishes Tourist Commission
   671 Belle Terre Boulevard
   LaPlace, Louisiana 70068
   The witness may testify regarding facts and allegations contained in Complaint.

10. Megan Ryburn
    Tourism Sales Director for the River Parishes Tourist Commission
    671 Belle Terre Boulevard
    LaPlace, Louisiana 70068
    The witness may testify regarding facts and allegations contained in Complaint.

11. Representative of St. John the Baptist Parish
    1811 W. Airline Highway
    LaPlace, Louisiana 70068
    The witness may testify regarding facts and allegations contained in Complaint.

12. Representative(s) of St. Charles Parish
    15045 River Road
    Hahnville, Louisiana 70057
    The witness may testify regarding facts and allegations contained in Complaint.

13. Any and all treating physicians or other medical service providers of plaintiff, Jocyntia Marie Banner, whether prior to or after the events described in the Complaint Various Addresses, unknown at this time.

14. The witness may testify regarding medical treatment or services provided to Plaintiff.

15. Any and all employee(s) of Boots on the Ground Production Services
    Address unknown
    The witness may testify regarding facts and allegations contained in Complaint.

16. Any and all employees(s) of Fee Fo Lay Café, LLC
    5593 Highway 18
    Vacherie, Louisiana 70090
    The witness may testify regarding facts and allegations contained in Complaint.

17. A representative(s) of St. John Community Center
    2900 US-51
    LaPlace, Louisiana 70068
    The witness may testify regarding facts and allegations contained in Complaint.

18. Jesse Lambert
    Houmas House Plantation and Gardens
    40136 LA-942
    Darrow, Louisiana 70725
    The witness may testify regarding facts and allegations contained in Complaint.

19. Rachael B. Burns
    Q Hotels
    4276 US-51
    LaPlace, Louisiana 70068
    The witness may testify regarding facts and allegations contained in Complaint.

20. Hillary Loeber
    Oak Alley Plantation Tourism Sales Director
    3645 LA-18
    Vacherie, Louisiana 70090
    The witness may testify regarding facts and allegations contained in Complaint.

21. Jennifer Crook
    Producer for Slave Rebellion Reenactment
    Address Unknown
    The witness may testify regarding facts and allegations contained in Complaint.

22. Representative of Berkley Insurance Company;
    475 Steamboat Road
    Greenwich, Connecticut 06830
    The witness may testify regarding the subject insurance policy identified by St. James Parish in discovery.

23. Any or all of Plaintiff's treating physicians for the past ten (10) years;

24. An expert witness in the field of forensic economics;

25. An independent medical examining physician as to both the psychological/psychiatric claims of Plaintiff as well as Plaintiff's claims of physical injury;

26. Any witness necessary for rebuttal and/or impeachment purposes;

27. Any person to be identified through discovery;

28. Any witness, expert or fact, identified, listed, or called by any party;

29. Any person from whom a deposition is taken, subject to the Federal Rules of Civil Procedure and Federal Code of Evidence;

30. Any witness who becomes known as a result of ongoing discovery or investigation;

31. Any witness necessary to authenticate any exhibits, documents, or records produced during discovery or listed as an exhibit by a party;

32. Any expert witness retained by this or any defendant, whether for examinations, analysis, and/or evaluations, if any;

33. Any other experts retained by this or any other defendant, if any.

**EXHIBITS**

1. Any and all documents produced by River Parishes Tourist Commission, Gary Boe, Jr., including but not limited to the following documents:

    a. Jocyntia Banner's Employment File with the River Parishes Tourist Commission or St. James Parish;

    b. Correspondence packet from Jocyntia Banner to the River Parishes Tourist Commission;

    c. Cobra Correspondence dated 12/28/18;

d. Demographics of River Parishes Tourist Commission;

e. All documents pertaining to Jocyntia Banner's U.S. Equal Employment Opportunity Commission charge of discrimination against River Parishes Tourist Commission and St. James Parish;

f. Correspondence from River Parishes Tourist Commission to Jocyntia Banner regarding a reduction in salary, dated 12/12/2018;

g. All documentation regarding Jocyntia Banner's termination with the River Parishes Tourist Commission, including termination and separation letters;

h. Louisiana Workforce Commission 12/27/2018 Separation Notice and 4/18/2019 Notice of Disqualifying Separation Determination;

i. Any and all text messages, emails, voicemails, recordings, letters, flyers, or other like written or electronic documents either prepared and generated by Plaintiff or communicated by Plaintiff to any other person and which Defendants may have record of;

j. Any and all payroll records of Plaintiff as well as said records of Plaintiff's co-employees;

k. Any written statements, notes, letters or other like writing of either

        Plaintiff or other employees of Defendant;

   l.    Brochure made by Jocyntia Banner;

   m.    Fleur de Film documents;

   n.    River Parishes Tourist Commission Employee Handbook;

   o.    St. John Community Center Brochure;

   p.    Status Report Form for Jocyntia Banner and corresponding documents regarding the positions at the River Parishes Tourist Commission;

   q.    All other documents produced by the River Parishes Tourist Commission.

2. Any and all documents pertaining to St. James processing of RPTC's payroll and/or documents received from RPTC;

3. St. James Parish Employee Handbook;

4. Any and all documents pertaining to RPTC processing of RPTC's payroll and/or documents received from;

5. Berkley Insurance Company Policy No. PEM-0000028-05, effective March 22, 2018 through March 22, 2019, issued to St. James Parish Government, produced

6. Any and all documents produced by St. James Parish;

7. Any and all documents produced by Plaintiff, including but not limited to

documents produced as Banner: 000001-000150;

8. Any and all medical records and medical bills of Plaintiff;

9. Any and all past and current employment records of Plaintiff;

10. Any and all social security records of Plaintiff;

11. Any and all of Plaintiff's tax returns;

12. Any and all documents related to Plaintiff's employment with the River Parishes Tourist Commission;

13. Any and all documents related to Plaintiff's employment in custody and/or control of St. James Parish;

14. Any and all correspondence, e-mails, or other communications between any of the parties to these proceedings, or their agents, assigns, or employees, which relate to the incident that is the subject matter of these proceedings;

15. Any and all depositions, affidavits, or other statements, written and oral, taken or to be taken, in this matter, including and any exhibits or attachments thereto, subject to the Federal Code of Civil Procedure and Federal Code of Evidence;

16. Any and all discovery requests, discovery responses, or other documents exchanged and/or produced in connection with discovery, whether filed or

exchanged informally, in this matter, including, but not limited to, Answers to Interrogatories, Responses to Requests for Production of Documents, Requests for Admissions, Requests for Inspection and/or Entry;

17. Any other document, thing or exhibit which is reasonably related to the above documents, things and exhibits and which will be both disclosed and provided to Plaintiff throughout this litigation;

18. Any and all documents necessary for impeachment purposes, including, but not limited to, depositions, statements, treatises, restatements of law, data, studies, publications, or other materials;

19. Any and all expert reports listed, referred to, introduced, or used by any other party, including any and all exhibits attached thereto or documents relied upon or referenced therein which the expert relies upon in forming his/her opinion;

20. Any and all photographs, drawings, notes, measurements and reports of any expert prepared in connection with this suit;

21. Any and all pleadings, filed or to be filed, in this matter;

22. Any and all recapitulations or other calculations.

23. Any and all transcripts from any hearings in this matter, including previously

offered testimony;

24. Any attachment to a deposition taken in this case, subject to the Federal Rules of Civil Procedure and Federal Code of Evidence;

25. Any documents relied upon by defendants' or plaintiff's experts in formulating their opinions and/or conclusions, including but not limited to medical and financial records, articles, treatises, and all documents provided to the experts by the parties;

26. Any exhibit listed, referred to, introduced at trial or identified in discovery responses by any party;

27. Any exhibit revealed prior to trial;

28. Copies of any and all photographs, demonstrative exhibits, diagrams, schematics, or other visual images taken and/or produced by any party;

29. CVs of any and all expert witnesses;

30. Depositions of experts and/or any witnesses who are not available to testify at the trial of this matter.

Defendants reserve the right to supplement and/or amend the above and foregoing and further, to add witness and/or additional evidence should it become available as discovery is

ongoing at this time, and will provide same to all parties and this Honorable Court in a timely fashion.

                                  RESPECTFULLY SUBMITTED:

                                  ACCARDO LAW FIRM, L.L.C.
                                  325 Belle Terre Blvd., Suite A
                                  LaPlace, Louisiana   70068
                                  (985 359-4300          Fax: (985) 359-4303

                                  _____.
                                  SAMUEL J. ACCARDO, JR. (#24007)
                                  Attorneys for Gary Boe and the River Parishes Tourist, Convention and Visitor's Commission
                                  accardo@rtconline.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2<u>nd</u> day of <u>JULY</u>, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system or by facsimile transmission, hand delivery, Certified Mail Return Receipt Requested, UPS/Federal Express, Electronic Mail, and/or by U.S. Mail, First Class, postage prepaid, properly addressed.

                                  _____
                                  SAMUEL J. ACCARDO, JR.